ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **ISRAEL I. CAJIGAS RODRÍGUEZ** <br> DEMANDANTE(S)-RECURRIDA(S) <br><br><br> V. <br><br><br> **MÓNICA A. UMPIERRE BERRÍOS** <br> DEMANDADA(S)-PETICIONARIA(S) | **KLCE202301388** | *Certiorari* <br> procedente del Tribunal de Primera Instancia, Sala Superior de **CAROLINA** <br><br> Caso Núm. **TJ2023RF00123 (405)** <br><br> Sobre: <br> Divorcio (Ruptura Irreparable) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 12 de diciembre de 2023.

Comparece ante este Tribunal de Apelaciones, la señora **MÓNICA A. UMPIERRE BERRÍOS** (señora **UMPIERRE BERRÍOS**) mediante un *Recurso de Certiorari* incoado el 8 de diciembre de 2023. Ese mismo día, presentó una *Moción en Auxilio de Jurisdicción*. En su escrito, nos solicita que revisemos la *Orden* emitida el 3 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI).[1] Mediante dicho dictamen, entre otros asuntos, el foro primario concedió la custodia compartida *provisional*; dispuso un plan filial de semanas alternas desde los martes; concretó que el lugar de recogido y entrega será en la escuelita (cuido); se pautó audiencia para el 9 de febrero de 2024 a las 2:00 de la tarde; y se determinó referir a la Unidad Social de Familia y de Menores para evaluación social forense.

---

[1] Esta determinación judicial fue notificada y archivada en autos el 4 de diciembre de 2023. Véase Apéndice del *Recurso de Certiorari,* págs. 1- 2.

Número Identificador:
SEN2023_____

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El día 4 de septiembre de 2023, la señora UMPIERRE BERRÍOS instó una *Petición de Orden de Protección* bajo la Ley Núm. 54 (Violencia Doméstica) y otra bajo la Ley Núm. 246 (Ley de Seguridad, Bienestar y Protección de Menores).[2] En consecuencia, el mismo día, el foro *a quo* decretó una *Orden de Protección Ex Parte* con vigencia hasta el 27 de septiembre de 2023.[3] Además, dispuso lo siguiente: conceder la custodia provisional a la señora UMPIERRE BERRÍOS; suspender provisionalmente las relaciones paterno filiales; y ordenar el desarme del señor ISRAEL I. CAJIGAS RODRÍGUEZ (señor CAJIGAS RODRÍGUEZ).

El 6 de septiembre de 2023, el señor CAJIGAS RODRÍGUEZ, por derecho propio, entabló una *Demanda de Divorcio por Ruptura Irreparable (Con Hijos(as)*.[4] En lo aquí pertinente, el señor CAJIGAS RODRÍGUEZ adujo que las partes contrajeron matrimonio el 17 de noviembre de 2018; procrearon un hijo menor de edad; la patria potestad fuese compartida; se le concediera la custodia en consideración al horario de trabajo de la señora UMPIERRE BERRÍOS; se implantara un plan filial de semanas alternas; se dispusiera una pensión alimentaria; y se decretara roto y disuelto el vínculo matrimonial.

Al día siguiente, 7 de septiembre de 2023, el señor CAJIGAS RODRÍGUEZ promovió una *Petición de Orden de Protección* al amparo de la Ley Núm. 54 (Violencia Doméstica).[5]

Luego, el pasado 7 de noviembre, el señor CAJIGAS RODRÍGUEZ presentó *Moción Urgentísima para Solicitar Celebración de Vista sobre Custodia Compartida o para Establecer Relaciones Paterno Filiales Provisionales y para Solicitar Referido a Unidad de Trabajo Social para Estudio*

---

[2] Véase Apéndice del *Recurso de Certiorari,* págs. 3- 11.
[3] *Íd.*, págs. 12- 17 (Ley Núm. 54).
[4] *Íd.*, págs. 26- 35.
[5] *Íd.*, págs. 18- 23.

*Social;* y en el caso **OPA2023-037598**: *Urgente Solicitud Jurada para que se Reestablezca la Relación del Menor con el Peticionario, se Deje Sin Efecto Orden ExParte y para que Desestime de Forma Sumaria la Querella Presentada.*[6]

Así las cosas, el 12 de noviembre de 2023, el señor **CAJIGAS RODRÍGUEZ** presentó una *Demanda Enmendada de Divorcio por Ruptura Irreparable de los Nexos de Convivencia Matrimonial.*[7] Arguyó que las partes están separadas desde el 4 de septiembre de 2023; la señora **UMPIERRE BERRÍOS** presentó dos (2) peticiones de *Órdenes de Protección* en su contra; y reiteró su petitorio sobre referido a la Unidad Social, prohibir relocalizar o remover al menor de la jurisdicción de Puerto Rico, y conceder unos remedios o medidas cautelares.

El 20 de noviembre de 2023, el foro impugnado pronunció *Orden* pautando audiencia para el 8 de diciembre de 2023 y concediendo plazo de diez (10) días a la señora **UMPIERRE BERRÍOS** para replicar a moción.[8]

Poco después, 28 de noviembre de 2023, se celebró la audiencia sobre las *Órdenes de Protección* ante el Tribunal Municipal de San Juan. Por consiguiente, escuchados los testimonios, el tribunal de instancia, dictó la *Resolución Denegando Orden de Protección* y la *Resolución.*[9] Más tarde, ese mismo día, el señor **CAJIGAS RODRÍGUEZ** presentó *Urgente Moción para Informar que el Tribunal Municipal de San Juan Decretó el Cierre y Archivo del Caso de Orden de Protección Presentada por la Demandada y para Solicitar de Forma Urgente que se Fije Relaciones PaternoFiliales Provisional de Forma Inmediata Hasta el Día de la Vista Señalada para el 8 de Diciembre de 2023.*[10]

---

[6] Véase Apéndice de la *Urgente Oposición a Moción en Auxilio de Jurisdicción,* págs. 10- 16; y 25- 34.

[7] Véase Apéndice del *Recurso de Certiorari,* págs. 116- 123. La audiencia ante la Examinador de Pensiones Alimentarias está pautada para el 10 de enero de 2024. Entrada núm. 21 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[8] *Íd.,* pág. 134.

[9] *Íd.,* págs. 124- 126; 127- 128; 129- 131; y 132- 133.

[10] Véase Apéndice de la *Urgente Oposición a Moción en Auxilio de Jurisdicción,* págs. 72- 83.

Por su parte, el 30 de noviembre de 2023, la señora **UMPIERRE BERRÍOS** presentó *Moción Solicitando Suspensión* exponiendo estar disponible únicamente en tres (3) fechas antes de la segunda semana de enero de 2024.[11] Así pues, el mismo día, el tribunal primario dictaminó *Orden* autorizando dos relaciones filiales y requiriéndole a las partes coordinar días y hora.[12]

El 1 de diciembre de 2023, el señor **CAJIGAS RODRÍGUEZ** presentó su *Urgente Moción en Solicitud de Orden para que el Tribunal Conceda Relaciones PaternoFiliales desde Hoy Viernes 1 de Diciembre hasta el Lunes 4 de Diciembre y Otros Asuntos;* y la *Moción sobre Solicitud de ReSeñalamiento de Vista del 8 de Diciembre de 2023.*[13]

Seguidamente, el 3 de diciembre de 2023, el tribunal intimó la *Orden* recurrida. Al otro día, el 4 de diciembre de 2023, la señora **UMPIERRE BERRÍOS** presentó su *Contestación a Demanda Enmendada, Defensas Afirmativas y Reconvención.*[14] Insatisfecha, el 8 de diciembre de 2023, la señora **UMPIERRE BERRÍOS** acudió ante nos mediante el *Recurso de Certiorari* y presentó documento intitulado *Moción en Auxilio de Jurisdicción*. En su escrito, señala el(los) siguiente(s) error(es):

> Erró y abusó de su discreción el TPI al, previo a haber expirado el término de la peticionaria para contestar la Demanda Enmendada, sin tener la posición de la madre custodia y en violación al debido proceso de ley que a ésta le asiste, conceder la solicitud de custodia compartida en tiempo igual del menor procreado entre las partes presentada por el recurrido.

> Erró y abusó de su discreción el TPI al conceder la solicitud de custodia compartida en tiempo igual del menor procreado entre las partes presentada por el recurrido en violación a los requerimientos de nuestro ordenamiento desglosados en los artículos 602, 603, 604 y 605 del Código Civil de Puerto Rico y en la Ley Protectora de los derechos de los menores en el proceso de adjudicación de custodia.

El 8 de diciembre de 2023, decretamos *Resolución* en la cual, entre

---

[11] Véase Apéndice del *Recurso de Certiorari*, págs. 135- 138.
[12] Véase Apéndice del *Recurso de Certiorari*, pág. 139.
[13] *Íd.*, págs. 140- 142. Véase Apéndice de la *Urgente Oposición a Moción en Auxilio de Jurisdicción,* págs. 7- 9.
[14] Entrada núm. 34 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

otras cosas, concedimos un plazo perentorio hasta en o antes del lunes, 11 de diciembre de 2023, a las 4:00 de la tarde, para presentar su posición sobre la solicitud de auxilio de jurisdicción, y para mostrar causa por la cual no debemos expedir el auto de *certiorari* y revocar el dictamen impugnado.

El 11 de diciembre de 2023, a las 10:08 de la mañana, la señora **Umpierre Berríos** presentó su *Moción en Cumplimiento de Orden*. A las 3:44 de la tarde, el señor **Cajigas Rodríguez** presentó *Urgente Oposición a "Moción en Auxilio de Jurisdicción"*. A las 7:51 de la noche, el señor **Cajigas Rodríguez** presentó *Solicitud de Breve Término para Presentar Oposición a que se Expida Auto de Certiorari*. El 12 de diciembre de 2023, a las 12:00 del mediodía, el señor **Cajigas Rodríguez** presentó su *Urgente Moción de Desestimación y en Oposición a la Expedición del Auto de Certiorari*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

– II –

– A –

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[15] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[16]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[17] Sin embargo, el ejercicio de la discreción concedida "no implica la potestad

---

[15] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 211 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46; 211 DPR ___ (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[16] *Íd.*
[17] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho."[18]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[19] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo."[20]

En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

(1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
(2) en asuntos relacionados a privilegios evidenciarios;
(3) en casos de anotaciones de rebeldía;
(4) en casos de relaciones de familia;
(5) en casos revestidos de interés público o
(6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia.[21]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[22]

– **B** –

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[23] Para ello, la Regla 40 de nuestro Reglamento

---

[18] *Íd.*
[19] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez, supra.*
[20] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[21] 4 LPRA Ap. XXII-B; *IG Builders v. BBVAPR*, 185 DPR 307, 339-340 (2012).
[22] 4 LPRA Ap. XXII-B, R. 40. *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).
[23] *McNeil Healthcare v. Mun. Las Piedras I*, supra, pág. 404; *800 Ponce de León v. AIG, supra.*

instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[24]

Es preciso aclarar que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[25] Esto es, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[26] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*.[27] La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[28]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[29] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la

---

[24] 4 LPRA Ap. XXII-B, R. 40. *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[25] *García Morales v. Padró Hernández*, 165 DPR 324, 335 esc. 15 (2005).
[26] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019); *Torres Martínez v. Torres Ghigliotty*, supra.
[27] *Feliberty Padró v. Pizarro Rohena*, 147 DPR 834, 837 (1999).
[28] *Scotiabank v. ZAF Corp. et al.*, supra, págs. 486 - 487; *Mun. de Caguas v. JRO Construction*, supra.
[29] *García Rubiera v. Asociación de Suscripción Conjunta*, 165 DPR 311, 322 (2005).

interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[30]

– C –

La *discreción* encargada a los jueces y juezas se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[31] Su ejercicio, sin embargo, no permite actuar de una forma u otra, con abstracción del derecho.[32] Puesto de otro modo, a los juzgadores no les está permitido ignorar los mandatos de las leyes so pretexto de ejercer su discreción.[33]

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que incurrió en un abuso de *discreción*, y nuestra intervención evitaría un perjuicio sustancial.[34] Ello responde al reconocimiento de que "[e]l efectivo funcionamiento de nuestro sistema judicial y la rápida disposición de los asuntos litigiosos requieren que los jueces de instancia tengan gran flexibilidad y discreción para lidiar con el diario manejo y tramitación de los asuntos judiciales".[35]

Un tribunal abusa de su *discreción* cuando actúa con prejuicio o parcialidad, o cuando se equivoca en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[36] En cualquier caso, el criterio rector al momento de evaluar si un tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia.[37]

– III –

Es preciso apuntar que encontramos plenamente justificada nuestra

---

[30] *Lluch v. España Service Station,* 117 DPR 729, 745 (1986).
[31] *Vélez Rosario v. Class Sánchez*, 198 DPR 870 (2017).
[32] *Id.*
[33] *PV Properties v. el Jíbarito*, 199 DPR 603, 612 (2018).
[34] *SLG Zapata-Rivera v. JF Montalvo,* 189 DPR 414, 434 (2013).
[35] *In re Collazo Maldonado,* 159 DPR 141, 150 (2003).
[36] *Lluch v. España Service Station, supra*, pág. 745.
[37] *SLG Zapata-Rivera v. JF Montalvo, supra,* págs. 434-435.

intervención en la etapa en que se encuentra el presente caso. No solo se trata de una controversia en un caso de *relaciones de familia*, sino que la oportuna expedición del auto solicitado podría evitar un posterior fracaso de la justicia.

En esencia, la señora **UMPIERRE BERRÍOS** alega que el Tribunal de Primera Instancia erró y abusó de su discreción al disponer una custodia compartida *provisional,* ello en violación al debido proceso de ley y el ordenamiento jurídico. Luego de examinados los planteamientos, a la luz de los hechos y el derecho aplicable, expedimos el auto y **modificamos** la *Orden* recurrida. Veamos.

Precisamos que, conforme a lo alegado, la señora **UMPIERRE BERRÍOS** funge como enfermera graduada en el Hospital de Veteranos (VA Caribbean Healthcare System) y su horario es desde las 12:00 de la medianoche hasta las 8:00 de la mañana. En consideración a su horario de trabajo, el señor **CAJIGAS RODRÍGUEZ** es quien, con mayor frecuencia, está encargado de llevar y recoger al menor LACU a su escuelita o cuido, así como cuidarlo y tenerlo en su compañía durante la tarde y la noche. Ante esta circunstancia, y en ausencia de indicadores de que el menor LACU está en riesgo de maltrato, toda vez que, se denegaron las *órdenes de Protección* y está pendiente la acción sobre divorcio, el tribunal tiene discreción, a solicitud de parte, para aprobar medidas cautelares provisionales.[38]

---

[38] Véase 31 LPRA secc. 6793. *Medidas cautelares provisionales respecto a los hijos*. Durante el proceso de disolución, el tribunal puede adoptar, a petición de parte, <u>cualquier medida cautelar provisional que considere indispensable</u> y adecuada para proteger el interés óptimo de los hijos habidos en el matrimonio, entre ellas: (a) determinar cuál de los cónyuges tendrá la custodia de los hijos menores o de los mayores incapacitados que aún están sujetos a la patria potestad de uno o ambos progenitores; (b) determinar el modo, el tiempo y el lugar en que cada progenitor puede relacionarse con sus hijos, tenerlos en su compañía y participar de su crianza y dirección; (c) prohibir a un cónyuge o a terceras personas bajo su influencia que interfieran con el ejercicio de la custodia provisional de los hijos que se ha adjudicado al otro; (d) prohibir a cualquiera de los cónyuges que traslade fuera de Puerto Rico a los hijos menores de edad o a los mayores incapacitados ; o (e) prohibir a los cónyuges suspender o modificar cualquier plan de seguro de salud u otras atenciones de previsión dispuestas en este Código, a menos que exista justa causa para ello.
Es la apreciación de esta Curia que, una vez se *denegaron* las distintas órdenes de protección, el foro recurrido auscultó la posibilidad de que las partes lograran unos acuerdos sobre las relaciones filiales. Empero, dicha gestión resultó infructuosa. Por ende, el tribunal adoptó una medida cautelar. Ello teniendo presente que de la lectura las distintas mociones, surge de manifiesto que las partes estaban en ánimo de realizar una separación con la ayuda de un profesional. Véase Apéndice de la *Urgente Oposición a Moción en Auxilio de Jurisdicción,* pág. 71.

– IV –

En mérito de lo anterior, *expedimos* el auto de *certiorari*; y se declara *no ha lugar* la solicitud de auxilio de jurisdicción presentada el 8 de diciembre de 2023 por la señora UMPIERRE BERRÍOS. En consecuencia, *modificamos* la *Orden* intimada el 3 de diciembre de 2023 a los fines de que se designe **un lugar alterno** para el recogido y entrega cuando la escuelita o cuido este de receso navideño así como fijar una **hora específica**; el señor CAJIGAS RODRÍGUEZ será primera opción de cuido para el menor LACU siempre y cuando la señora UMPIERRE BERRÍOS tenga que laborar; se prohíbe la relocalización o remoción del menor LACU de la jurisdicción de Puerto Rico sin la autorización escrita del tribunal; las partes deberán estar adecuadamente preparadas para la audiencia pautada para el 9 de febrero de 2024 a las 2:00 de la tarde; se deberá emitir, a la brevedad, la *Orden* refiriendo el caso a la Unidad Social de Familia y de Menores; y se devuelve el caso a la consideración del foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

**Notifíquese inmediatamente al Tribunal de Primera Instancia, y a las representaciones legales de las partes mediante vía telefónica, y correo electrónico.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones